UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| COLTON RADFORD, | ) |
| --- | --- |
| *Plaintiff*, | ) |
| v. | ) No. 3:22-cv-043-TRM-JEM |
| JAMES BERRONG, CHRISTOPHER CANTREL, and KEITH GREGORY, | ) |
| *Defendants*. | ) |

# MEMORANDUM AND ORDER

Plaintiff, an inmate in the Blount County Detention Center, has filed a motion for leave to proceed *in forma pauperis* (Doc. 1), his inmate trust account statements (Doc. 5), and a pro se complaint for violation of 42 U.S.C. § 1983 (Doc. 1), that is now before the Court for screening. For the reasons set forth below, Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 1) will be **GRANTED**, Plaintiff will be **ASSESSED** with the filing fee, Plaintiff's claims for violation of his rights under the First Amendment and for violation of the Religious Land Use and Institutionalized Persons Act ("RLUIPA") will proceed herein against Defendants in their official capacities, and Plaintiff's claims against Defendants in their individual capacities will be **DISMISSED** for failure to state a claim upon which relief may be granted under § 1983.

I. **FILING FEE**

As it appears from Plaintiff's relevant filings (Docs. 1, 5) that he is unable to pay the filing fee, his motion for leave to proceed *in forma pauperis* (Doc. 1) is **GRANTED**.

Plaintiff is **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this procedure, the Clerk is **DIRECTED** to provide a copy of this memorandum and order to both the custodian of inmate accounts at Plaintiff's current institution and the Court's financial deputy. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II. COMPLAINT SCREENING

### A. Legal Standard

District courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.*, 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a plausible claim. *Twombly*, 550 U.S. at 570. But courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

**B.     Complaint Allegations**

Through a kiosk, Plaintiff inquired about his family ordering him a "Pagan/Wiccan Bible," as jail personnel told Plaintiff that they did not "stock devil worshipping/satanic bibles or explic[t] material like that here in this Christian/Muslim orient[ed] facility." (Doc. 2, at 3–4.) But after unspecified jail officials repeatedly denied Plaintiff's requests, he filed a grievance, at which time a Lieutenant, Captain, and Chief told Plaintiff that his family had to order the bible from Amazon for him (*Id.* at 4.) Plaintiff's wife ordered the bible and said it would take two to three weeks for delivery. (*Id.*) However, it took Plaintiff four months to receive the bible, during which time he filed several grievances, and an unnamed jail told Plaintiff they had rejected the bible because it was "explic[it] material and a non-approved religion." (*Id.*) Plaintiff then "argued with them on the kiosk for another two weeks" before filing this lawsuit because he "ha[s] the constitutional right to practice [his] religion even if [he is] in jail and they said that as a[n] inmate/prisoner [he] had no rights." (*Id.*)

Plaintiff has sued Sheriff James Berrong, Chief of Police Christopher Cantrel, and Captain Keith Gregory. (*Id.* at 1, 3.) As relief, Plaintiff seeks "$400/day for the last 5 months," reprimand of Defendants, and a requirement that the detention center "keep ALL Bibles and religious material readily available to all inmates." (*Id.* at 5.)

C. **Analysis**

First, Plaintiff does not specify whether he has sued Defendants in their official or individual capacities. Without such a designation, courts generally presume that plaintiff sued the defendant in his official capacity. *Northcott v. Plunkett*, 42 F. App'x 795, 796 (6th Cir. 2002) (citing *Wells v. Brown*, 891 F.2d 591, 593 (6th Cir. 1989)). Nevertheless, out of an abundance of caution, the Court will address Plaintiff's claims against Defendants in both their official and individual capacities.

To state a claim for relief under 42 U.S.C. § 1983, Plaintiff must adequately allege that a "person" acting "under color of" state law deprived him of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983.

### i. *Official-Capacity Claims*

As it appears that Blount County, Tennessee employs all Defendants herein, Plaintiff's claims against Defendants in their official capacities are actually against the municipality. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (holding that "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity"). Thus, to determine whether the complaint states a claim against Defendants in their official capacities, the Court must examine whether it sufficiently alleges that Defendants violated Plaintiff's constitutional rights pursuant to an unconstitutional policy or custom of this municipality. *See Monell v. Dep't of Soc. Servs*, 436 U.S. 658, 708 (1978) (Powell, J., concurring) (explaining a municipality can only be held liable for harms that result from a constitutional violation when that underlying violation resulted from "implementation of its official policies or established customs").

As set forth above, Plaintiff alleges that jail officials told him that they do not stock the Wiccan bible because it is explicit, Satanic, and/or devil worship material and denied his requests

4

related to his family ordering this bible, but a Lieutenant, Captain (presumably Defendant Captain Gregory), and Chief (presumably Defendant Chief Cantrel) finally told him his wife should order it for him (Doc. 2, at 3–4). But when Plaintiff's wife did order a bible for him, he did not receive it for four months, which a jail official told Plaintiff was due to jail officials rejecting it because (1) it is explicit material and (2) Wicca is "a non-approved religion." (*Id.* at 4.) The Court liberally construes these allegations to assert claims for:

> (1) violation of Plaintiff's First Amendment right to free exercise of his religion, *see O'Lone v. Shabazz*, 482 U.S. 342, 348 (1987) (citations omitted), *Turner v. Safley*, 482 U.S. 78, 89 (1987); *Hernandez v. C.I.R.*, 490 U.S. 680, 699 (1989);
>
> (2) violation of Plaintiff's First Amendment right to read, *see, e.g., King v. Fed. Bureau of Prisons*, 415 F.3d 634, 638 (7th Cir. 2005) (citation omitted), *Wilkinson v. Skinner*, 462 F.2d 670, 673 n. 5 (2nd Cir. 1972) (noting "refusal to deliver a newspaper would ordinarily be interference with appellant's first amendment rights"); and
>
> (3) violation of RLUIPA, 42 U.S.C. § 2000cc-1(a)(1)–(2).

And as Plaintiff's relevant allegations allow the Court to plausibly infer that a custom or policy of Blount County caused violations of (1) Plaintiff's First Amendment rights to free exercise of his religion and to read and (2) RLUIPA, these claims will proceed herein against Defendants in their official capacities.

### ii. *Individual-Capacity Claims*

To state a claim against Defendants in their individual capacities, Plaintiff must adequately plead that each Defendant, through his own actions, violated Plaintiff's constitutional rights. *Iqbal*, 556 U.S. at 676; *see also Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted). Defendants cannot be liable under § 1983 solely based on their positions of authority. *See Iqbal*,

5

556 U.S. at 676 ("[O]ur precedents establish. . . that Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*.

However, Plaintiff makes no allegations against Defendant Sheriff Berrong in the complaint. Moreover, Plaintiff's only allegation against Defendants Cantrel and Gregory is that they told him that his wife would have to order the Wiccan bible for him. This allegation, standing alone, does not allow the Court to plausibly infer a violation of Plaintiff's constitutional rights. As such, the complaint fails to state a claim upon which relief may be granted under § 1983 as to any Defendant in his individual capacity.

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's First Amendment and RLUIPA claims will proceed herein against Defendants in their official capacities;

2. Even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983 as to any Defendant in his individual capacity, and all such claims are therefore **DISMISSED**;

3. The Clerk is **DIRECTED** to send Plaintiff service packets (a blank summons and USM 285 form) for all Defendants;

4. Plaintiff is **ORDERED** to complete the service packets and return them to the Clerk's Office within twenty (20) days of entry of this order. At that time, the summonses will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service, *see* Fed. R. Civ. P. 4. Service on Defendants shall be made pursuant to Rule 4(e) of the Federal Rules of Civil Procedure and Rule 4.04(1) and (10) of the Tennessee Rules of Civil Procedure, either by mail or personally if mail service is not effective;

5. Plaintiff is **NOTIFIED** that if he fails to timely return the completed service packets, this action may be dismissed. Defendants shall answer or otherwise respond to the complaint within twenty-one (21) days from the date of service. If any Defendant fails to timely respond to the complaint, it may result in entry of judgment by default against him; and

6. Also, Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule

83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

**SO ORDERED.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**